The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: April 21 2020

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Francis Edward Williams, | ) | Case No. 19-30447 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| Ted Nelson, *et al.*, | ) | Adv. Pro. No. 19-03071 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Francis Edward Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Defendant's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(B)(6) Made Applicable to Bankruptcy Per FRBP 7012 and FRBP 7008 as Untimely Filed [Doc. # 10] ("Motion"). Defendant is the Debtor in the underlying Chapter 7 case. Plaintiffs are creditors who sued him under 11 U.S.C. § 523(a)(2), (4) and (6) addressing the dischargeability of debts they believe Defendant owes to them arising out of a failed real estate development in Georgia. Defendant argues that Plaintiffs' original adversary complaint was fatally

1

defective because it lacked a demand for relief and that the amended version is untimely because it does not relate back to the filing date of the original complaint.

The district court has jurisdiction over Defendant's underlying Chapter 7 bankruptcy case and all civil proceedings in it arising under Title 11, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio. Objections to the dischargeability of particular debts are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I).

For the following reasons, Defendant's Motion will be denied.

## PROCEDURAL BACKGROUND

Defendant filed his voluntary Chapter 7 petition on February 23, 2019. Notice of commencement of the case to creditors and parties in interest was given by the Clerk on March 1, 2019, [Case No.19-30447, Doc. ## 5, 6], although not all of the Plaintiffs were listed as creditors on Defendant's original Schedules D and E/F, [*see* Case No. 19-30447, Doc. # 1, pp. 19-29/63]. Defendant amended his Schedule E/F to add omitted creditors on August 13, 2019. [Case No. 19-30447, Doc. # 59, pp. 16-27/34]. The Clerk's notice of commencement of case notified those originally listed as creditors that the meeting of creditors under 11 U.S.C. § 341 was set for April 24, 2019, and that **June 24, 2019**, was the deadline **"to challenge whether certain debts are dischargeable."** [Doc. # 5, ¶ 9, p.2/2 and # 6, ¶ 9, p.4/4 (emphasis original)]. Section 523(c) of the Bankruptcy Code, 11 U.S.C. § 523(c), requires complaints to determine the dischargeability of debts under any of § 523(a)(2), (4), or (6) to be filed in the bankruptcy court. The deadline notification met the requirements of Bankruptcy Rule 4007, which sets the deadline for filing a complaint to determine the dischargeability of a debt under § 523(c) as "no later than 60 days after the first date set for the meeting of creditors under §341(a)." Fed. R. Bankr. P. 4007(c). Moreover, Rule 4007 requires the court to give "all creditors no less than 30 days' notice of the time so fixed…." Fed. R. Bankr. P. 4007(c).

Rule 4007(c) permits the deadline for filing a complaint to determine dischargeability under § 523(c) to be extended "[o]n motion of a party in interest, after hearing on notice," provided, however, "[t]he motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c). Section 102 of the Bankruptcy Code authorizes the court to act without a hearing if one

2

is not timely requested by a party in interest. 11 U.S.C. § 102(1). That is what happened in this case. Plaintiffs filed three motions to extend the time in which they were required to file a complaint under § 523(c). [Case No. 19-30447, Doc. ## 42, 43; 56, 57; and 67, 68]. As required by Rule 4007(c), all were filed before expiration of the preceding deadline. None of them were opposed. All were granted, with the deadline extended from the original June 24, 2019, date to August 23, 2019, [Case No. 19-30447, Doc. ## 50, 51]; to October 22, 2019, [Case No. 19-30447, Doc. ## 63, 65]; and finally to November 15, 2019, [Case No. 19-30447, Doc. ## 71, 73].

Plaintiffs filed their original adversary Complaint to Determine Dischargability [sic] Under 11 U.S.C. § 523(a)(2), (a)(4) & (a)(6), [Doc. # 1] ("Complaint"), on the extended November 15, 2019, filing deadline. They are referred to in the Complaint for ease of reference as the Certain 12 Star Families. The Complaint is 35 pages long, contains 230 paragraphs and is divided into sections denominated Parties, Related Persons and Definitions; Jurisdiction; Nature of the Case; Procedural History; Background; Counts I (violation of 11 U.S.C. § 523(a)(2)(A)), II (Violation of 11 U.S.C. § 523(a)(4)) and III (Violation of 11 U.S.C. § 523(a)(6)); and Reservation of Rights, with the latter two paragraphs concluding the document.

The Clerk issued a summons, [Doc. # 2], which Plaintiffs timely served on Defendant along with a copy of the Complaint, [Doc. # 3]. Under the summons, Defendant's deadline for response to the Complaint was 30 days after the November 18, 2019, date of issuance of the summons, or by December 18, 2019.

On the December 18 deadline for response to the Complaint, Defendant filed a motion to dismiss it under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012, for failure to state a claim upon which relief could be granted. [Doc. # 4]. The basis for Defendant's first motion to dismiss is that Plaintiffs did not include in their Complaint "a demand for the relief sought," as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(3); Fed. R. Bankr. P. 7008.

Plaintiffs responded to the first motion to dismiss by filing on December 27, 2019, their Amended Complaint to Determine Dischargeability Under 11 U.S.C. § 523(a)(2), (a)(4) & (a)(6), [Doc. # 5] ("Amended Complaint"). The main difference between the Complaint and the Amended Complaint is the addition of a section at the end of the Amended Complaint called Demand for Relief that states as follows:

> WHEREFORE, the Certain 12 Star Families respectfully pray that the Court enter judgment against Williams:
> a. excepting from discharge Williams' indebtedness to the Certain 12 Star Families as set forth in Count I pursuant to 11 U.S.C. § 523(a)(2)(A);
> b. excepting from discharge Williams' indebtedness to the Certain 12 Star Families as set forth in Count II pursuant to 11 U.S.C. § 523(a)(4);
> c. excepting from discharge Williams' indebtedness to the Certain 12 Star Families as set forth in Count I [sic] pursuant to 11 U.S.C. § 523(a)(6); and
> d. granting the Certain 12 Star Families such other and further relief this Court deems just and proper.

Amended Complaint, [Doc. # 5, ¶ 232, p. 34/36]. Plaintiffs were entitled to amend the Complaint as a matter of course without leave of court because they filed it within 21 days after service of a motion brought under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B); Fed. R. Bank. P. 7015. The Amended Complaint made Defendant's first motion to dismiss moot. The court denied it as such on January 10, 2020. [Doc. # 9]. Defendant's time to respond to the Amended Complaint was 14 days after its service. Fed. R. Civ. P. 15(a)(3); *see* Fed. R. Bankr. P. 9006(f).

Defendant responded to the Amended Complaint by timely filing his Motion, again seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. [Doc. # 10]. The Motion asserts that the Amended Complaint is untimely because it does not relate back to the November 15, 2019, filing date of the Complaint under Rule 15(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(c). Defendant argues that the Complaint was fatally defective in the absence of a denominated demand for relief, thus there is nothing to which the Amended Complaint can relate back. The Amended Complaint having been filed on December 27, 2019, Defendant asserts that it was late because it was filed beyond the final extended deadline of November 15, 2019.

Plaintiffs respond by arguing that the relief demanded was contained within the Complaint, even though it was not in a concluding paragraph demanding relief, that omission of a demand for relief is not grounds for dismissal for failure to state a claim under Rule 12(b)(6) (because a demand for relief is not part of the claim) and that the Amended Complaint relates back to the filing date of the Complaint under Rule 15(c) because it is based on the same operative facts.

4

## LAW AND ANALYSIS

**Rule 12(b)(6)**

Defendant styles his Motion as one brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 and 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir.2011), *cert. denied,* 132 S.Ct. 1583 (2012) (quoting *Iqbal,* 556 U.S. at 677).

Defendant's Motion does not dispute that Plaintiffs' Amended Complaint meets the pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure as interpreted by *Twombly* and *Iqbal.* Accepting all non-conclusory factual allegations as true, *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 678, construing the Amended Complaint in the light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008), as the court must, the Amended Complaint states a plausible claim upon which relief could be granted under § 523(a)(2), (4) or (6).

Rather, Defendant's argument is that Plaintiffs filed the Amended Complaint late, which is an affirmative defense. *See* Fed. R. Civ. P. 8(c) (list of affirmative defenses includes "statute of limitations"); Fed. R. Bankr. P. 7008; *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) ("An affirmative defense is a basis for denying liability even if the facts of a complaint are true…"). Technically, though, "a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). An exception arises where the time bar is apparent on the face of the complaint, which may then afford the basis for its dismissal under Rule 12(b)(6) because the plaintiff thereby effectively "pleads himself out of court." *Rembisz v. Mew*, 590 Fed. App'x 501, 504 (6th Cir. 2014); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds, *Merck & Co. v. Reynolds,* 559 U.S. 633 (2010)); *Robinson*, 313 F.3d at

135 (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)); *see Jones v. Bock,* 549 U.S. 199, 215 (2007).

Defendant's argument that Plaintiffs filed their Amended Complaint late is not apparent from its face. It depends on construing the original Complaint. But the court notes that in ruling on a Rule 12(b)(6) motion to dismiss, it may also consider materials in addition to the complaint at issue if such materials are public records or are otherwise appropriate for the taking of judicial notice. *New England Health Care Employees Pension Fund*, 336 F.3d at 501; *see Winget v. JPMorgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (district court did not err by taking judicial notice of and reviewing bankruptcy court documents on a motion to dismiss).

The original Complaint is both a matter of public record and appropriate for the taking of judicial notice.[1] In the *New England Health Care Employees Pension Fund* case, the Sixth Circuit also read plaintiff's amended complaint in conjunction with its earlier complaint in deciding a Rule 12(b)(6) motion brought on statute of limitations grounds. And while the issue might best be considered under Rule 56, 5 Arthur R. Miller, Mary Kay Kane & Richard Spencer, Federal Practice and Procedure § 1277 (3d ed.); *see* Fed. R. Civ. P. 12(d) (if matters outside the pleadings are presented to the court with a Rule 12(b)(6) motion, the motion must be treated as one under Rule 56), in this case the formal distinction does not make a difference; there is no factual inquiry required to decide whether the Amended Complaint is untimely beyond construing the two complaints, *see Serrano v. Ziegler*, Civ. No. 1:10-CV-1560(RFT), 2011 WL 2436611, *8 (N.D.N.Y. June 14, 2011)(a defense [res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer "'when all relevant facts are shown by the court's own records, of which the court takes notice….'"(quoting *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992)). Nothing can be developed by discovery or trial that will impact the timeliness issue in this case. As the Sixth Circuit did in *New England Health Care Employees Pension Fund*, the court will consider the Amended Complaint in conjunction with the Complaint and decide the timeliness issue in the procedural context in which Defendant has raised it. The court will also take judicial notice of and consider the

---

[1] The court may take judicial notice of the contents of its case docket and a debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n. 2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it); *United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (stating that district court may properly take judicial notice of its own records).

redlined version of the Amended Complaint attached as an exhibit to Plaintiffs' response to Defendant's first motion to dismiss. [Doc. # 6, Ex.2].

**<u>Rule 15(c)(1) *When an Amendment Relates Back*</u>**

Plaintiffs filed their Complaint on November 15, 2019, the extended deadline for filing a Complaint for determination of dischargeability under § 523(a)(2), (4) and (6) as set in the court's order entered in Defendant's Chapter 7 case on November 4, 2019, [Case No. 19-30447, Doc. # 71,73]. It was timely filed.

Plaintiffs filed their Amended Complaint on December 27, 2019, [Doc. # 5], a date obviously after the November 15, 2019, filing deadline. Unless the Amended Complaint relates back to the original filing date of the Complaint, it was filed late. That is what Defendant argues, on the basis that the original complaint was fatally defective because it did not include a "demand for relief sought" as required by Rule 8(a)(3), so that there was nothing to rehabilitate through amendment. *Cf. Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984) (original filing in an employment discrimination action was not a complaint complying with Rule 8(a)(2) because it was just an EEOC right to sue letter, so it was not an original pleading that could be rehabilitated).

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Fed. R. Civ. P. 15; Fed. R. Bankr. P. 7015. As explained above, Plaintiffs were entitled to amend their Complaint without leave of court as a matter of right under Rule 15(a)(1)(B) because Defendant responded to it with a motion to dismiss brought under Rule 12(b).

Rule 15(c)(1) of the Federal Rules of Civil Procedure in turn governs when an "amendment to a pleading relates back to the date of the original pleading." Fed R. Civ. P 15(c)(1). The only one of the three circumstances for relation back that might apply in this case is the second one set forth under Rule 15(c)(1)(B). Fed. R. Civ. P. 15(c)(1)(B). Under Rule 15(c)(1)(B), an amendment to a pleading relates back to the date of the "original pleading" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As an initial matter, Defendant argues that this subpart does not apply because "the complaint is not lacking in additional claims," [Doc. # 10, p. 3/6]. The court is not sure what this statement means. But if the suggestion is that Rule 15(c)(1)(B) only applies when a pleader tries to assert an additional or different claim than the original pleading, the court disagrees with that limiting interpretation. The court finds no other support for that position, which is incongruous with the specific language of Rule 15(c)(1)(B)

7

stating that an amendment can even relate back to a claim "attempted to be set out." Fed. R. Civ. P. 15(c)(1)(B). The bottom line of Defendant's argument is that Plaintiffs attempted but failed to set out claim(s) because of the omission of a demand for relief under Rule 8(a)(3).

Defendant's fatal defectiveness argument posits that the Complaint did not amount to a pleading stating a claim for relief under Rule 8—*i.e.* it was not an "original pleading" under Rule 15(c)(1)(B)—because it lacked a demand for relief as required by Rule 8(a)(3). *But see Pension Ben. Guar. Corp. v. East Dayton Tool and Die Co.*, 14 F.3d 1122, 1127 (6th Cir. 1994)("If a pleading provides a defendant notice of the plaintiff's claims and grounds for the claims…omissions in a prayer for relief do not bar redress of meritorious claims;" citations omitted). This argument is circular and goes too far. On that basis, a document that did not comply with any one or more of the three parts of Rule 8(a) could never be amended under Rule 15(a) or (b) or relate back under Rule 15(c). This argument guts the purpose of Rule 15(c).

The case Defendant cites in support of his argument is *In re McConkey*, Case No. 08-25164-JS, 2011 WL 1436431 (Bankr. D. Md. Apr. 14, 2011). The court finds *McConkey* distinguishable. The issue in *McConkey* is whether a motion for relief from stay could be treated as an "informal complaint" for purposes of equitable tolling of a statute of limitations, much as creditors sometimes argue that a motion for relief from stay or other document should be treated as an "informal proof of claim" when a bar date is missed.

In this case, however, Plaintiffs electronically filed and docketed a document titled complaint, paid the required filing fee for an adversary complaint and timely served it on Defendant with a summons. Rule 7(a) of the Federal Rules of Civil Procedure describes what "pleadings" are allowed, to include "a complaint." Fed. R. Civ. P. 7(a)(1); Fed. R. Bankr. P. 7007. Plaintiffs' initial filing meets the criteria of Rule 10 of the Federal Rules of Civil Procedure for the "Form of Pleadings" because it contains a proper caption and is formatted in numbered paragraphs. Fed. R. Civ. P. 10; Fed. R. Bankr. P. 7010. The filing is not a motion for relief from stay (as in *McConkey*) or another titled document such as a notice of right to sue letter (as in *Baldwin*).[2] The focus of Rule 8(a) is on whether a "pleading" states a claim, as raised by Defendant's first Rule 12(b)(6) motion to dismiss, not whether it is even a pleading in the first place. In contrast, Rule 15(c) applies to

---

[2] As another court notes, "*Baldwin* has only been understood to extend to Rule 8(a)(2)" and not to Rule 8(a)(1) or 8(a)(3). *Singleton v. Westminster Management Corp.,* Case No. Civ. A. No. 87-5035, 1988 WL 15560, *2 (E.D. La. Feb. 24, 1988).

19-03071-maw    Doc 14    FILED 04/21/20    ENTERED 04/21/20 16:23:12    Page 8 of 12

"original pleadings." It has nothing to do with the province of the Rule 8(a) criteria for whether that pleading "states a claim for relief." The court finds that Plaintiffs' first filing in this adversary proceeding, whether it states a claim for relief under Rule 8(a) or not, is an "original pleading," *i.e.,* a complaint, to which Rule 15(c)(1)(B) applies.

The court thus does not need to decide now whether the Complaint contained "a demand for relief sought" within the meaning of Rule 8(a)(3), an issue about which the parties differ sharply in advancing their arguments for and against Defendant's second motion to dismiss.[3] The inquiry under Rule 15(c)(1)(b) is not whether the original Complaint stated a claim upon which relief could be granted. Rather, the inquiry under Rule 15(c)(1)(B) is whether the Amended Complaint asserts a claim "that arose out of the conduct, transaction or occurrence set out—*or attempted to be set out*" in the Complaint as the original pleading. Fed. R. Civ. P. 15(c)(1)(B)(emphasis added). The relation back doctrine furthers the fundamental tenor of the Federal Rules of Civil Procedure, which "is one of liberality and trial on the merits rather than technicalities." *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000).

Rule 15(c)(1)(B) does not define "conduct, transaction or occurrence." The Sixth Circuit has focused on factual allegations, rather than on specific causes of action or legal theories, in applying this standard. *Miller*, 231 F.3d at 244-45; *Moross Limited Partnership v. Fleckenstein Capital, Inc.*, 466 F.3d 508, 518 (6th Cir. 2006); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 516 (6th Cir. 2007); *Hall v. Spencer Cty., Ky.*, 583 F.3d 930 (6th Cir. 2009); *Alfes v. Educational Credit Management Corp. (In re Alfes)*, 709 F.3d 631, 640 (6th Cir. 2013) (applying Rule 15(c)(1) in a bankruptcy proceeding). More recently, the Sixth Circuit emphasized that courts should not give content to conduct, action or occurrence by "generic or ideal notions" but should be "asking whether the party asserting the statute of limitations defense has been placed on notice that he could be called to answer for the allegations in the amended pleading." *Bledsoe,* 501 F.3d at 516.

---

[3] Citing among other cases the Sixth Circuit's decision in *Pension Ben. Guar. Corp. v. East Dayton Tool & Die Co.,* the Wright and Miller treatise states that the "demand for relief," while required by Rule 8(a)(3), does not constitute part of the "claim" for the purpose of testing the sufficiency of a plaintiff's complaint. *See* 5 Federal Practice and Procedure (Wright & Miller) § 1255 n. 6 (3d ed.) (also citing *Bontkowski v. Smith,* 305 F.3d 757 (7th Cir.2002), and a long list of other cases).

In addition to the stated focus of Rule 15(c)(1)(B) on whether an amended pleading arises out of the same "conduct, transaction, or occurrence," the Sixth Circuit also considers "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Miller*, 231 F.3d at 250 (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

The *Miller* case is instructive. In *Miller,* plaintiff filed complaints on behalf of the estates of seamen who died from leukemia, alleging that their deaths resulted from exposure to asbestos and other hazardous substances on the job. Years later, plaintiff filed amended complaints under the same theories of liability, alleging that they contracted leukemia as a result of exposure on the job to benzene instead of to asbestos. Reversing the trial court's decision that the claims in the amended complaint were time-barred because they did not relate back under Rule 15(c)(1)(B), the Sixth Circuit noted that the "amended complaints simply plead with more specificity that which appeared in the original complaints: Shippers' liability for exposing decedents to a hazardous substance" and that "Miller alleged the very same general facts in the amended complaint as he did in the original ones." *Miller,* 231 F.3d at 249 and 250. The original complaints put defendant on notice of what plaintiff alleged in the amended complaints: "that the deceased seamen had suffered latent injuries, based upon exposure to toxic substances on board Shippers' vessels, that eventually resulted in their deaths." *Id.*, at 251.

The Complaint and Amended Complaint are almost identical, with the addition of the Demand for Relief in paragraph 232 of the Amended Complaint being the primary change from the Complaint. The redline version of the Amended Complaint, attached to Plaintiffs' opposition to Defendant's first motion to dismiss, [Doc. # 6, Ex. 2], shows the identity of both complaints. The parties are the same. The acts, timeline, entities and actors involved are the same. The operative facts alleged are the same.

There are references in the Complaint's heading and throughout the body of the document to determining dischargeability of debts claimed to be owed by Defendant to the Certain 12 Star Families arising out of their deposits to reserve parcels in a real estate development. For example, paragraph 20 of the Complaint states that "Williams should not receive the generous privilege of a bankruptcy discharge for the debts fraudulently obtained from the families." [Doc. # 1, ¶ 20, p. 5/35]. Paragraph 32 of the Complaint concludes by stating that "Williams' well-established pattern

of falsehoods, theft, malfeasance, and intentionally fraudulent behavior merits an exception from discharge as to the Certain 12 Star Families' debts." [*Id.*, ¶ 32, p. 10/35]. Paragraph 41 of the Complaint states that "[t]hese facts are illustrative of how Williams' actions qualify for a ruling of nondischargeability." [*Id.*, ¶ 41, p.11/35]. Each count of the three counts of the Complaint state that damages and injuries arising from Defendant's conduct should be excepted from discharge and indicate that Plaintiffs "may seek entry of money judgments" and a ruling that such judgments are nondishchargeable. [*Id.*, ¶¶ 215-216, 221-222 and 227-228].

The court finds that the Amended Complaint arises out of the same "conduct, transaction, or occurrence" alleged in the Complaint within the meaning of Rule 15(c)(1)(B). The Complaint put Defendant on fair notice of what the Certain 12 Star Families' claims are and what they are about, including that they sought a determination of nondischargeability and potentially also a money judgment.[4] Even in the absence of the paragraph denominated as a Demand for Relief, the references in the document title and throughout the Complaint to nondischargeability were sufficient to show Defendant that Plaintiffs were demanding the debts he is alleged to owe them from deposits for the failed Georgia Community and 12 Star Ranch, LLC   real estate development be excepted from his discharge, should he get one, with potential alternative or additional relief to include a money judgment against him. Along with a rote (and routinely uninformative) prayer for "such other and further relief this Court deems proper," [Doc. # 5, ¶ 232.d., p. 34/36], that is what the Amended Complaint's Demand For Relief paragraph seeks for each count. Defendant was put on notice in the Complaint that he would be called to defend the wrongdoing subsequently alleged in the Amended Complaint.

None of the Sixth Circuit's additional considerations to the language of the Rule 15(c)(1)(B) standard for relation back compel a different result. There was no undue delay in filing the Amended Complaint; it was filed as a matter of right within 6 weeks of the filing deadline,

---

[4] One of Defendant's arguments for lack of fair notice is that he did not know whether Plaintiffs would seek an award of attorney's fees. [Doc. # 10, p. 4/6]. However, Rule 7008 of the Federal Rules of Bankruptcy Procedure was amended in 2014 to delete old subdivision (b), which required a request for attorney's fees always to be pleaded as a claim in an allowed pleading. As noted in the Advisory Committee Note to the 2014 Amendments, the "procedures for seeking an award of attorney's fees are now set out in Rule 7054(b)(2)." As a result, "unless the governing substantive law requires those fees to be proved at trial as an element of damages," a claim for attorney's fees must be made by motion filed after entry of judgment.   Fed. R. Bank. P. 7008 advisory committee note to 2014 amendment.

before the initial pretrial scheduling conference had occurred. This is not a situation involving a repeated failure to cure deficiencies, futility of amendment, bad faith on Plaintiffs' part or undue prejudice to Defendant. He does not argue that any of these considerations compel dismissal of the Amended Complaint. As the United States Trustee has also filed a separate complaint objecting to Defendant's Chapter 7 discharge, and he has thus not yet received one under § 727(a), 11 U.S.C. § 727(a), the Amended Complaint did not impact the contours or timing of any fresh start for Defendant any more than the Complaint did.

## CONCLUSION

Under Rule 15(c)(1)(B), Plaintiffs' Amended Complaint relates back to the November 15, 2019, filing of their Complaint, which was timely. The court will therefore deny Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(B)(6) Made Applicable to Bankruptcy Per FRBP 7012 and FRBP 7008 as Untimely Filed, [Doc. # 10], is **DENIED**.

###